# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| TINA T., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN J. O'MALLEY, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. ED CV 23-01815-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Tina T. appeals the ALJ's decision denying her claim for disability insurance benefits under the Social Security Act.[1] For the reasons set forth below, the ALJ's denial of benefits is affirmed, and this case is dismissed with prejudice.

## I. BACKGROUND

On May 14, 2021, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning October 21, 2020. See Dkt. 11, Administrative Record ("AR") 298-304. Plaintiff's claims

---

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. Additionally, citations to the AR are to the record pagination. All other docket citations are to the CM/ECF pagination.

were denied at the initial level on November 22, 2021, and upon reconsideration on April 6, 2022. See AR 223-27, 232-34. Plaintiff requested and received a hearing before an ALJ on January 19, 2023. See AR 148-67. The ALJ issued an unfavorable decision on February 14, 2023. See AR 28-47.

The ALJ followed the five-step sequential evaluation process for determining whether an individual is disabled. See 20 C.F.R. § 404.1520(a). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. See AR 33. At step two, the ALJ found that Plaintiff had the severe impairments of "degenerative disc disease of the cervical spine; migraines; left shoulder impingement syndrome; bilateral foot neuropathy; and left lumbar spine and hip osteoporosis." AR 34. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See AR 36.

After considering the record, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work with additional limitations. See AR 36-40. At step four, based on Plaintiff's documented vocational background, her testimony, and the testimony of a vocational expert, the ALJ found that Plaintiff could perform her past relevant work as a receptionist and an administrative clerk. See AR 40-41. Consequently, the ALJ concluded that Plaintiff had not been under a disability from her alleged onset date through the date of the decision. See AR 41.

The Appeals Council denied review of this decision. See AR 1-7. Plaintiff then sought judicial review from this Court. See Dkt. 1.

## II. LEGAL STANDARD

A district court will set aside a denial of benefits only if "it is either not supported by substantial evidence or is based upon legal error." Luther v. Berryhill, 891 F.3d 872, 875 (9th Cir. 2018) (citation omitted). Under the substantial-evidence standard, the district court looks to the existing administrative record and determines "whether it contains sufficient evidence to support the agency's factual determinations." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (citation omitted) (cleaned up). "Substantial" means "more than a mere scintilla" but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (citation omitted). This threshold "is not high" and "defers to the presiding ALJ, who has seen the hearing up close." Id. at 1154, 1157. "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## III. DISCUSSION

The sole dispute is whether the ALJ erred in discounting Plaintiff's subjective symptom testimony. See Dkt. 14, Plaintiff's Brief ("Pl.'s Br."); Dkt. 19, Defendant's Brief ("Def.'s Br."); Dkt. 20, Plaintiff's Reply ("Reply").

### A. Applicable Law

The ALJ applies a two-step analysis to assess a claimant's credibility for symptom severity. See Trevizo v. Berryhill, 871 F.3d 664, 678 (9th Cir. 2017). Once the claimant "has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged," then, absent evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Id. (citation omitted). "[T]he ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick v. Chater, 157 F.3d 715, 722

(9th Cir. 1998) (citation omitted).

"The clear and convincing standard is the most demanding required in Social Security cases." Trevizo, 871 F.3d at 678 (citation omitted). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." Brown-Hunter v. Colvin, 806 F.3d 487, 493 (9th Cir. 2015) (citation omitted). However, "an ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to the Social Security Act." Smartt v. Kijakazi, 53 F.4th 489, 499 (9th Cir. 2022) (citation and internal quotation marks omitted). The clear and convincing "standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." Id.

### B. Plaintiff's Testimony

The ALJ summarized Plaintiff's testimony as follows:

> I considered all of the claimant's subjective complaints, including the subjective complaints from the hearing testimony and written submissions. The claimant reported symptoms arising from degenerative disc disease of the cervical spine, migraines, left shoulder impingement syndrome, bilateral foot neuropathy, and left lumbar spine and hip osteoporosis primarily limited the claimant's ability to work. Specifically, the claimant asserted that the impairments caused symptoms such as neck pain, back pain, hip pain, shoulder pain, feet pain, head pain, blurred vision, smell sensitivity, lightheaded, light sensitivity, lack of focus, and dizziness.
>
> Moreover, the claimant indicated that the impairments make it difficult to perform chores, cook, vacuum, and clean. According to the claimant, she has to elevate her legs every 60 minutes for 20 minutes each time. She testified that she has migraines on a daily basis, and maybe three other days might be at the mild level. Other subjective statements include complaints of heart issues, hand pain,

>and sleeping issues. The claimant further suggested that difficulty with lifting, squatting, bending, standing, reaching, walking, kneeling, talking, using hands, and climbing stairs limited the claimant's ability to work and perform activities of daily living.

AR 37 (citation omitted) (paragraph breaks added). Plaintiff also submitted an Adult Function Report, which largely mirrored her hearing testimony. See AR 346-53.

### C. Analysis

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 37. Specifically, the ALJ found that Plaintiff's allegations were inconsistent with the objective medical evidence and evidence of record, as well as her daily activities. See AR 37-38.

At the outset, Plaintiff argues that the ALJ failed to adequately tie the medical evidence to her testimony. See Pl.'s Br. at 7-8; Reply at 4-5. To ensure that "appellate review is meaningful," the ALJ is required to "specifically identify the testimony [from a claimant] she or he finds not to be credible and . . . explain what evidence undermines the testimony." Treichler v. Comm'r of SSA, 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted).

Here, the ALJ's decision met the requirements under Ninth Circuit law. The ALJ specifically identified the testimony she found not credible and linked that testimony to the record. For example, and as discussed in more detail below, the ALJ found that Plaintiff's daily activities were "specifically inconsistent" with her allegations regarding standing and walking. See AR 38. As another example, the ALJ found that Plaintiff's specific allegations of nausea and leg issues were inconsistent with the medical evidence and her

5

function report. See id. "Our cases do not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020); see also Treichler, 775 F.3d at 1103 ("[T]he ALJ's analysis need not be extensive.").

    1.    Objective Medical Evidence

The ALJ found that Plaintiff's allegations were inconsistent with the objective medical evidence and the evidence of record. See AR 37-38.

As an initial matter, Plaintiff argues that the absence of medical evidence, without more, is not sufficient to discount pain testimony. See Pl.'s Br. at 10. Plaintiff mischaracterizes the ALJ's reasoning. "When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." Smartt, 53 F.4th at 489 (citing cases). What the ALJ cannot do is "insist on clear medical evidence to support each part of a claimant's subjective pain testimony when there is no objective testimony evincing otherwise." Id. "That—and only that— is what Burch forbids." Id.; see also Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."). Here, the ALJ used the phrase "not entirely consistent" to mean that Plaintiff's testimony was inconsistent with the record, not that it was not fully corroborated by objective medical evidence.

Plaintiff does not contest any of the ALJ's specific findings, which are supported by substantial evidence. The ALJ acknowledged Plaintiff's allegations that she was unable to work due to pain as well as blurred vision, lightheadedness, lack of focus, and dizziness. See AR 37. The ALJ then pointed to various diagnostic findings and examinations that did not support her alleged symptoms. See AR 37-38. Specifically, the ALJ noted that an x-ray

scan of Plaintiff's cervical spine was generally unremarkable, that a radiograph of the bilateral ankles showed good alignment, and that her musculoskeletal examination revealed normal ranges of motion and no focal deficits. See AR 38 (citing AR 878, 915-16, 1252).

Next, the ALJ found that Plaintiff's specific allegations of persistent nausea were inconsistent with the lack of nausea complaints throughout the record and with Plaintiff's report of having no side effects from her medications. See AR 38 (citing AR 353). Indeed, Plaintiff regularly denied nausea during examinations. See AR 481 (denying nausea), 712-13 ("Pertinent negatives include . . . nausea"), 726-27 (same), 731 (same), 1159-60, 1204 (no reports of nausea), 1229 (same), 1233 (same), 1235 (same), 1238 (same), 1240 (same), 1244 (same). Likewise, the ALJ found that Plaintiff's testimony of daily migraines was inconsistent with her provider's report that her migraines had subsided. See AR 37, 39 (citing AR 826). According to a treatment note from December 31, 2020, Plaintiff reported that her migraines "have resolved." AR 826.

Where the medical record evidence conflicted with Plaintiff's allegations of totally disabling physical and mental impairments, the ALJ reasonably discounted Plaintiff's testimony on that basis. See Ahearn v. Saul, 988 F.3d 1111, 1116-17 (9th Cir. 2021) (affirming where substantial evidence supported ALJ's conclusion that the medical record was inconsistent with the severity of limitations claimant described in his testimony).

2.  Daily Activities

The ALJ also found that Plaintiff's allegations were inconsistent with her daily activities. See AR 38. "Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." Ghanim v. Colvin, 763 F.3d 1154, 1165 (9th Cir. 2014). "Even if the claimant experiences some difficulty or pain, her daily activities

'may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.'" Smartt, 53 F.4th at 499 (citation omitted).

Plaintiff argues only that the ALJ "failed to draw a nexus between [her] routine daily activities and the ability to engage in full time competitive work." Pl's. Br. at 9. But daily activities may form the basis of an adverse credibility determination if they "contradict [a claimant's] other testimony" or if the claimant "is able to spend a substantial part of [her] day" doing things "transferable to a work setting." Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)); see also Smartt, 53 F.4th at 499-500 (affirming ALJ's adverse credibility finding where claimant's daily activities "were inconsistent with the severity of her limitations")).

Here, the ALJ's findings are supported by substantial evidence. The ALJ noted that, contrary to Plaintiff's complaints of severe hand pain and stiffness, she could text on her phone, shop on her phone and a computer, and drive on occasion. See AR 37-38. Additionally, the ALJ explained that Plaintiff's allegations of not being able to lift more than two pounds or even hold a cup were inconsistent with the ability to maneuver a vehicle while driving. See id. Plaintiff does not contest either of these examples or the several others on which the ALJ relied.

"It is not the court's role to 'second-guess' an ALJ's reasonable interpretation of a claimant's testimony." Smartt, 53 F.4th at 501. Here, the ALJ's determination that Plaintiff's daily activities were inconsistent with her allegations of debilitating pain was not unreasonable.

Accordingly, remand is not warranted.

## IV. CONCLUSION

The ALJ's denial of benefits is affirmed and this case is dismissed with prejudice.

Date: March 5, 2024

                                              DOUGLAS F. McCORMICK
                                              United States Magistrate Judge